UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-06743-AB-SK                                           Date: August 6, 2025
Title          Arthur Taylor v. Gordan

Present: The Honorable:   Steve Kim, United States Magistrate Judge

|             Connie Chung             |              n/a              |
|:------------------------------------:|:-----------------------------:|
|             Deputy Clerk             |    Court Reporter / Recorder  |

Attorneys Present for Petitioner:          Attorneys Present for Respondent:

None present                                              None present

**Proceedings:**        (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Arthur Taylor is a California state prisoner who has filed an apparent petition for habeas relief (using a California state habeas petition form). He alleges that a correctional officer interfered with a scheduled medical appointment, then retaliated against him after he filed a grievance—causing him to miss meals, school, and mental health programming—all in violation of prison regulations and his constitutional rights. (ECF 1 at 2–4, 6–9). But none of these allegations, "even if meritorious," would "affect the fact or duration of his confinement." *Hawes v. Grounds*, 2013 WL 1856506, at *1 (N.D. Cal. May 1, 2013). So as alleged in his apparent petition here, his claims fall outside the "core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). If he is entitled to any sort of relief for his allegations, he must seek it through a civil rights action under 42 U.S.C. § 1983—not a federal habeas petition. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

In rare cases, the court may automatically convert a state prisoner's mistaken petition otherwise filed under 28 U.S.C. § 2254 into a § 1983 civil suit, but only if the petition is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles*, 830 F.3d at 936 (citations omitted). Here, though, it is unclear if petitioner even has any colorable federal claims actionable under § 1983, much less what relief (e.g., monetary damages) he is even seeking. *See* 28 U.S.C. § 1915A; Fed. R. Civ. P. 8(a), 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is it apparent that petitioner would even consent to such conversion (as required) since it can be quite "disadvantageous to the prisoner compared to a dismissal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-06743-AB-SK                                      Date: August 6, 2025
Title         Arthur Taylor v. Gordan

without prejudice of his petition for habeas corpus." *Nettles*, 830 F.3d at 936.  Among other downsides, prisoners wanting to sue under § 1983 must pay the full civil filing fee (currently, $350.00) unless they qualify for in forma pauperis status (which, even then, will not completely waive the fee but merely allow it to be paid in installments over time based on the prisoner's trust account balance).  See 28 U.S.C. § 1915(b)(2).

      For all these reasons, petitioner is ORDERED TO SHOW CAUSE within 14 days of this order why his apparent habeas petition should not be dismissed for lack of jurisdiction.  *See* Rule 4 of Rules Governing Section 2254 ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner); *see also* L.R. 72-3.2 (summary dismissal of habeas petition authorized when "it plainly appears from the face of the petition" that "petitioner is not entitled to relief").  To discharge this order, petitioner may voluntarily dismiss the petition without prejudice using the attached Form CV-09y.  He is warned, however, that failure to timely file a notice of voluntary dismissal or other written response to this show-cause order may lead to the immediate closing of this case with no further notice for lack of prosecution and noncompliance with court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *see also* L.R. 41-6 (requiring pro se litigants to keep court timely apprised of any change in record address).

      IT IS SO ORDERED.